# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH RUFO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:18-cv-00037 |
| | ) |
| ACLARA TECHNOLOGIES, LLC. | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MEMORANDUM IN SUPPORT
### OF ITS OMNIBUS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE

Defendant Aclara Technologies, LLC ("Aclara" or "Defendant"), by counsel, respectfully submits the following memorandum in support of Defendant's Omnibus Motion *in Limine* to exclude certain evidence by Plaintiff. The instant Motion is intended to address issues Defendant anticipates may arise with respect to Plaintiff's evidence, argument, and comment before the jury. Therefore, Defendant respectfully requests that the Court exclude the following:

1. Evidence or testimony regarding claims not included in Plaintiff's Amended Complaint. Claims outside the scope of the pleadings are not properly before the Court and Defendant cannot be on notice that any such claim is being raised.

2. Any allegation, suggestion, implication, or evidence regarding the reason(s) why any of Defendant's potential witnesses are not available for trial, or why any party has not presented evidence from a witness. The availability of a witness for trial and a party's trial strategy are not relevant to the facts at issue in this lawsuit and would likely confuse the jury and would serve only as an attempt to substantially prejudice the jury against Defendant. *See* FED. R. EVID. 401, 403. Similarly, Plaintiff should not be permitted to present any argument, comment, or reference that Defendant has not called

to testify any witnesses who are equally available to both parties or speculate on the probable testimony of any witness who does not testify. *See id.*

3. Any testimony that in any manner calls attention to the difference in financial abilities or capacities of the parties. Any reference to Defendant's financial status or worth for the purposes of prejudicing the jury against Defendants should be excluded for the reasons that such facts are completely immaterial to the issues involved, and at the same time the mere making of such references would unfairly prejudice Defendant. *See* Fed. R. Evid. 402, 403.

4. Any reference to Defendant's financial ability to litigate. Any statement, testimony reference, question, document and/or evidence, whether directly or indirectly, relating to Defendant's financial ability to defend or prosecute a claim, its financial ability to pay Plaintiff's claims, or any reference to the cost that may have been incurred by Defendant in defending this or any other lawsuit should be excluded. This evidence is not relevant to Plaintiff's claims under Section 1981, and would unfairly prejudice Defendant. *See* Fed. R. Evid. 401, 402, 403.

5. Any reference to the size of Defendant's counsel's firm, and any reference to pending or past litigation against Defendant's counsel's firm. Any statement, testimony, reference, question, document and/or evidence, whether directly or indirectly, from Plaintiff referring to or making an attempt to refer to Defendant's counsel as "big firm lawyers," or any other phrase or terminology of similar import. Such references would unfairly prejudice Defendant as the jury considers Plaintiff's case and the weight of Defendant's defenses. *See* Fed. R. Evid. 403. Similarly, Plaintiff should be precluded from making any comment or reference to the number of attorneys appearing on behalf

of Defendant, the clothes or jewelry worn by counsel, staff and witnesses, the nature or number of trial exhibits, demonstrative exhibits and other evidence, witness fees, or any inference that this is a "David and Goliath" situation. *Id.*; *see also Union Elec. Light & Power v. Snyder Real Estate Co.*, 65 F.2d 297, 303 (8th Cir. 1933).

6. Any mention of either party's or any counsel's statements made during settlement negotiations and/or mediation. These statements are inadmissible because they are not relevant to Plaintiff's claims and would unfairly prejudice the parties. *See* FED. R. EVID. 403, 408.

7. Any mention of or reference to another party's objections to written discovery or deposition questions in this case because such objections should have been timely raised with the Court prior to trial. Furthermore, should a party choose to use deposition testimony, via video or written transcript, counsel should be instructed to edit out any objections made by opposing counsel during the deposition prior to reading or playing the video for the jury. Discovery objections and disputes are not "evidence" and are not relevant to the merits of Plaintiff's claims in this lawsuit. Even if the discovery objections and disputes had some probative value, that probative value would be outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time and needless presentation of cumulative evidence.

8. Any evidence, comments, or reference to Defendant's liability insurance that may provide coverage for the damages alleged in this case. "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." *See* FED. R. EVID. 411.

9. Any testimony by a witness and/or any documents that Plaintiff did not previously identify in initial disclosures. *See* Fed. R. Civ. P. 26(e) and 37(c)(1).

10. Any attempt to request Defendants' attorneys to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

11. Any mention of or reference to any other current or prior lawsuits, charges, complaints, or claims, whether internal or external, made and/or filed against Defendant or Defendant's employees. These statements are inadmissible because they are not relevant to Plaintiff's claims and would unfairly prejudice Defendant. *See* FED. R. EVID. 401, 402, 403.

12. Any "Golden Rule" arguments or appeals to the jury. "A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position 'is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982) *aff'd*, 465 U.S. 752 (1984) (internal citation omitted).

13. Any references that jury members should "send a message" to Defendant as the "conscience of the community," or consider similar and equally improper factors in determining whether to award damages, or in determining the size of such awards, should be excluded during the course of the trial. Such instructions are inherently prejudicial because, on their face, they urge the jury to render its verdict based on "passion and prejudice." *See, e.g., Blair v. Eagle-Picher Indus., Inc.*, 962 F.2d 1492, 1499 (10th Cir. 1992) ("[A] verdict that is the product of passion and prejudice cannot be cured by remittitur and a new trial is required."); *see also* Fed. R. Evid. 403.

14. Any references to motions practice or the instant motions *in limine*, as such references are not "evidence" pertaining to Plaintiff's claims, and argument and testimony regarding such motion practice would only serve to mislead and confuse the jury.

15. Evidence that Plaintiff is entitled to recovery of front pay or retirement benefits. Such evidence should be excluded because "[f]ront pay is an equitable issue to be determined by the district court, taking all aspects of the case into consideration and reducing the award to its present value." *See Bevan v. Honeywell, Inc.*, 118 F.3d 603, 613 (8th Cir. 1997) (reversing and remanding because district court improperly submitted determination of front pay to the jury).

WHEREFORE for the foregoing reasons, Defendant respectfully requests that the Court grant the instant Motion and exclude the evidence detailed above.

Dated: <u>September 21, 2018</u>　　　　　　　　Respectfully submitted,

**Aclara Technologies, LLC**

By  /s/  *J. Clay Rollins*
J. Clay Rollins, Esquire
Virginia State Bar Number 84382
clay.rollins@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA 23219
Tel.:　(804) 663-2330
Fax:　 (855) 843-1809

Heidi Kuns Durr, Esquire (*pro hac vice*)
heidi.durr@ogletree.com
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63015
Tel.:　(314) 802-3935

　　　*Counsel for Defendant*

**Certificate of Service**

      I hereby certify that on this 21st of September 2018, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff:

Joshua H. Erlich, Esquire
Virginia State Bar No.: 81298
The Erlich Law Office PLLC
2111 Wilson Blvd., Suite 700
Arlington, VA 22201
Voice: (703) 791-9087
Fax: (703) 351-9292
jerlich@erlichlawoffice.com

Bruce Carl Fox, Esquire (*pro hac vice*)
Penn. Bar No.: 42576
Andrew Jack Horowitz (*pro hac vice*)
Penn. Bar No.: 311949
Obermayer Rebmann Maxwell & Hippel, LLP
BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219
andrew.horowitz@obermayer.com
bruce.fox@obermayer.com

*Counsel for Plaintiff*

**Aclara Technologies, LLC**

By  /s/  *J. Clay Rollins*
J. Clay Rollins, Esquire
Virginia State Bar Number 84382
clay.rollins@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA 23219
Tel.:   (804) 663-2330
Fax:    (855) 843-1809