IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH RUFO, | ) |
| | ) |
| Plaintiff, | ) Case 1:18-cv-37-LMB-MSN |
| | ) |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| ACLARA TECHNOLOGIES, LLC, | ) |
| | ) |
| Defendant. | ) ELECTRONICALLY FILED |
| | ) |

## BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Aclara's motion for judgment as a matter of law recycles arguments upon which this Court has already ruled and fails to give appropriate deference to the wisdom of the jury. Essentially, Aclara argues that it is shielded from punitive damages based on its personnel policies prohibiting retaliation without regard to whether those policies were implemented in good faith. Aclara presents to this Court the same evidence that the jury evaluated – evidence of those same personnel policies, including Aclara's implementation of those policies – and asks this Court to disregard the jury's finding. Aclara argues that it is not relevant to the *Kolstad* analysis that senior management employees consciously chose to ignore its policies and retaliate against Rufo. It is not credible to argue that rogue employees were responsible for Aclara's actions when those employees include the Senior Vice-President for Human Resources and the Senior Director of Human Resources.

In *Gallina v. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.*, 123 Fed. Appx. 558, 565 (4th Cir. 2005), the Fourth Circuit held that the good faith attempt to comply with the law

required to invoke the *Kolstad* defense to punitive damages requires more from the employer than implementing a policy. Rather, the employer must implement and enforce an effective policy. *Id*. The *Kolstad* defense is designed to shield well-meaning employers from punitive damages when a rogue employee violates the law in a manner that the employer could not reasonably prevent despite its reasonable good faith efforts to enforce a policy prohibiting retaliation. It does not shield the company from its conscious disregard of its own policy by its senior management.

In *Lowery v. Circuit City Stores, Inc.*, 206 F.3d 431, 446 (4th Cir. 2000), Circuit City implemented training for all managers, anti-discrimination policies, several complaint mechanisms (including a toll-free hotline), company-wide posters regarding policies and complaint mechanisms, and swift investigations. However, the court found that "...the sincerity of Circuit City's commitment to a company-wide policy… is called into question...." where two top executives gave testimony indicating a racist attitude in terms of promotions, management buried internal reports raising the possibility of racism, and several employees testified about the negative treatment they were subjected to after making complaints. *Id.* The court found that Circuit City had not satisfied the *Kolstad* standard and affirmed the award of punitive damages on the plaintiff's Section 1981 claim.

In its Motion, Aclara touts various statements by its interested witnesses stating that they did not believe that they were engaging in illegal retaliation despite having received ethics training from the company. The fact that these witnesses knew that they were subject to an anti-retaliation policy makes their conduct more egregious, not less. By disbelieving these witnesses (which as the factfinder, it was fully entitled to do), the Jury found that Aclara, through its senior management decision-makers, consciously decided to disregard its anti-retaliation policy in retaliating against Rufo. As in *Lowery*, Aclara's implementation of an anti-retaliation policy therefore cannot shield it from punitive damages.

4822-1545-1008

                                                Respectfully submitted,

Dated: November 30, 2018

                                                By:  */s/ Joshua Erlich, Esq.*

                                                Bruce C. Fox, Esquire (*pro hac vice*)
                                                bruce.fox@obermayer.com
                                                Andrew J. Horowitz, Esquire (*pro hac vice)*
                                                andrew.horowitz@obermayer.com
                                                Obermayer Rebmann Maxwell & Hippel LLP
                                                500 Grant Street, Ste. 5240
                                                Pittsburgh, PA 15219
                                                412-566-1500 (p)
                                                412-281-1530 (f)

                                                Joshua Erlich (VA Bar No. 81298)
                                                The Erlich Law Office, PLLC
                                                2111 Wilson Blvd, Suite 700
                                                Arlington, VA  22201
                                                Tel:    (703) 791-9087
                                                Fax:    (703) 351-9292
                                                Email: jerlich@erlichlawoffice.com

                                                *Counsel for Plaintiff, Joseph Rufo*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 30th day of November 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

J. Clay Rollins, Esquire
clay.rollins@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA 23219
Tel.: (804) 663-2330
Fax: (855) 843-1809

Heidi Kuns Durr, Esquire
heidi.durr@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63015
Tel.: (314) 802-3935
John B. Flood, Esquire
john.flood@ogletree.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1919 K. Street, N.W., Ste. 1000
Washington, D.C. 20006

*/s/Joshua Erlich*

4822-1545-1008